UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-11819-RGS

SULLIVAN SURVEYING COMPANY, LLC

v.

TD BANK, N.A.

MEMORANDUM AND ORDER ON DEFENDANT'S
MOTION TO DISMISS

July 10, 2015

STEARNS, D.J.

Plaintiff Sullivan Surveying Company, LLC, brought this suit on April 3, 2015 in Middlesex Superior Court against TD Bank, N.A., alleging conversion (Count I), negligence (Count III), and money had and received (Count IV), as well as statutory violations of Mass. Gen. Laws ch. 106 (Count II) and Mass Gen. Laws ch. 93A, §§ 2, 11 (Count V).  TD Bank removed the case on diversity grounds to the federal district court.  Now before the court is TD Bank's motion to dismiss.[1]

---

[1] TD Bank is principally based in Delaware.  Sullivan is a Massachusetts Limited Liability Company composed entirely of Massachusetts stakeholders.  Def.'s Response at 1-2.

1

## BACKGROUND

The facts viewed in the light most favorable to Sullivan as the nonmoving party are as follows. Sullivan, a land surveying and civil engineering business, maintains a commercial checking account with TD Bank. Compl. ¶¶ 3, 5. Sullivan employed Theresa Zimmerley as its full-time office manager and bookkeeper. *Id.* ¶ 4. From on or about September 1, 2013 to October 22, 2014, Zimmerley executed a "check-cashing scheme" whereby she "prepar[ed] checks drawn on plaintiff's depository account . . . in varying amounts, forg[ed] the authorized signature on each check, and then present[ed] each check in person daily or every other day at TD Bank, which cashed each check and paid proceeds thereof to Zimmerley." *Id.* ¶ 5. In total, Zimmerley cashed at least 138 forged checks and embezzled at least $133,953 from Sullivan. *Id.* ¶ 6. In an attempt to cover up her scheme, Zimmerley "recorded the names of 'fictitious payees'" for each forged check in Sullivan's internal checkbook register. *Id.* ¶ 5.

Sullivan further alleges that TD Bank "failed to conduct any reasonable inquiry or question the appropriateness of Zimmerley's actions" and "knew, or should have known, that the checks" were forged. *Id.* ¶¶ 11-12. During the thirteen-month period from September 2013 to October 2014, TD Bank provided Sullivan with periodic bank statements. Def.'s Mem. at 2. After

discovering Zimmerley's check forgery scheme on or about October 22, 2014, Sullivan fired Zimmerley and notified TD Bank of the embezzlement. Pl.'s Opp'n Mem. at 4.

## DISCUSSION

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Two basic principles guide the court's analysis. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. A claim is facially plausible if its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *S.E.C. v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010). A complaint will also be dismissed where the statute of limitations bars its claims. *See* Fed. R. Civ. P. 12(b)(6).

### *The Mass. Gen. Laws ch. 106 Claim*

Under the Uniform Commercial Code (UCC), as incorporated under Massachusetts law, banks are required to provide customers with bank statements that contain the "item number, amount, and date of payment" for each charge. Mass. Gen. Laws ch. 106, § 4-406(a). In turn, "a banking customer has a duty to discover and report any unauthorized signatures or endorsements to the bank within one year." *Callahan v. Wells Fargo & Co.*, 747 F. Supp. 2d 247, 252 (D. Mass. 2010), citing Mass. Gen. Laws ch. 106, § 4-406(f). Banking customers also have a duty to "exercise reasonable care and promptness" in reviewing their bank statements and to notify the bank of any unauthorized transactions because the customers are "in the best position to discover and report forgeries." *Id.* at § 4-406(c); *Grassi Design Grp., Inc. v. Bank of Am., N.A.*, 74 Mass. App. Ct. 456, 458 (2009). "If the customer fails to report the first forged check within thirty days, the customer is precluded from recovery for any additional checks forged by the same wrongdoer and paid in good faith before the bank has received notice from the customer." *Id.*, citing Mass. Gen. Laws ch. 106, § 4-406(d)(2). As an exception, comparative fault applies where "the customer proves that the bank failed to exercise ordinary care in paying the item and that the failure substantially contributed to loss." *Id.* at § 4-406(c). Ordinary care is defined

4

as the exercise of "reasonable commercial standards." *Grassi*, 74 Mass. App. Ct. at 458, citing Mass. Gen. Laws ch. 106, § 3-103(a)(7).

As TD Bank argues, Sullivan is barred by the statute of limitations and thus precluded from recovering for any forged checks that appear on a bank statement made available to Sullivan before October 22, 2014, that is, one year prior to its notice to TD Bank. *See Callahan*, 747 F. Supp. at 252. (While the September 2013 bank statement became available to Sullivan in the first week of October 2013, Sullivan did not notify TD Bank of the fraud until October 22, 2014.). TD Bank also asserts that since Zimmerley forged all 138 checks beginning on or about September 1, 2013, Sullivan was required to notify it of the forgeries within thirty days of receipt of the September 2013 bank statement. This statement disclosed that Zimmerley made the first unauthorized withdrawal from Sullivan's account on September 10, 2013. Def.'s Mem. at 7; *see* Jennifer Mikels Aff., Exs. A, B.[2] TD Bank contends that it follows that Sullivan is precluded from recovering for the checks forged by

---

[2] It is appropriate to consider these exhibits in analyzing TD Bank's dispositive motion because they are central to Sullivan's Complaint. *See Curran v. Cousins*, 509 F.3d 36, 44 (1st Cir. 2007), quoting *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993) (noting that a court may "consider 'documents the authenticity of which are not disputed by the parties'" as well as "'documents central to the plaintiff['s] claim'" and "'documents sufficiently referred to in the complaint'").

5

Zimmerley made more than thirty days after the September 2013 monthly statement became available (in early October of 2013).

TD Bank argues that the exception for comparative fault does not apply because Sullivan does not to allege unreasonable conduct on its part.  *See Govoni & Sons Const. Co. v. Mechanics Bank*, 51 Mass. App. Ct. 35, 45 (2001) (providing examples of unreasonable bank conduct, including "payment of checks with missing indorsements . . . , failure to inquire into the authority to sign of one purporting to be an agent . . . , payment of checks bearing irregular or incorrect indorsements and honoring a check on which the name of the payee has been visibly altered.").[3]  The UCC however stipulates that comparative fault applies if the customer proves that the bank failed to follow reasonable commercial standards.  *See* Mass. Gen. Laws ch. 106, § 4-406(c).  Here, at the pleading stage (in the absence of evidence that TD Bank did or did not follow general commercial banking practices), the court cannot determine whether TD Bank exercised ordinary care; such a determination is ordinarily a question of fact to be resolved by the jury.  *See Govoni & Sons*

---

[3] In response, Sullivan makes the generic assertion that "TD Bank acted negligently, without good faith, and not in observance of reasonable commercial standards."  Pl.'s Opp'n Mem. at 8.  Sullivan further contends that TD Bank failed in its "duty to examine the checks which were presented for cash, to verify the signature, confirm the identity of the person presenting the check, [and] to record identification of the presenter."  *Id.* at 8-9.

*Const. Co. v. Mechanics Bank*, 1995 WL 809827, at *1-4 (Mass. Super. Mar. 3, 1995) *aff'd as modified*, 51 Mass. App. Ct. 35 (2001) (finding no negligence on the part of the bank only after hearing oral testimony and examining the parties' exhibits).

### *Common-Law Claims*

Sullivan's Complaint also asserts three common-law claims: conversion (Count I), negligence (Count III), and money had and received (Count IV).  Sullivan has waived Counts I and IV.  Pl.'s Opp'n Mem. at 8-9.  Sullivan's common-law claim for negligence (Count III) is barred because the UCC supplants the common law with respect to banking matters.  *See Gossels v. Fleet Nat'l Bank*, 453 Mass. 366, 370 (2009) ("Where a UCC provision specifically defines parties' rights and remedies, it displaces analogous common-law theories of liability."); *see also Reading Co-Op. Bank v. Suffolk Constr. Co.*, 464 Mass. 543, 549 (2013) ("[T]he UCC provides a comprehensive scheme for enforcement of rights and allocation of losses that would be effectively undermined by application of conflicting common-law principles.").

### *Chapter 93A Claim*

In Count V, Sullivan alleges that TD Bank "engaged in unfair and deceptive practices" in violation of Mass. Gen. Laws ch. 93A.  Compl. ¶ 34.

To prevail on a Chapter 93A claim, a plaintiff must show that a defendant engaged in "[u]nfair methods of competition and unfair or deceptive acts or practices in business transactions." Mass. Gen. Laws. ch. 93A, § 2. Practices are deceptive in the context of Chapter 93A if they could reasonably be found to have "'caused a person to act differently from the way he [or she] otherwise would have acted.'" *Aspinall v. Philip Morris Cos., Inc.*, 442 Mass. 381, 394 (2004), quoting *Purity Supreme, Inc. v. Attorney Gen.*, 380 Mass. 762, 777 (1980). A Chapter 93A plaintiff must also prove that a defendant's deceptive conduct caused him some appreciable loss or injury. *See Hershenow v. Enters. Rent-A-Car Co. of Boston, Inc.*, 445 Mass. 790, 799-800 (2006). Here, Sullivan cannot rely on its conclusory allegation that TD Bank "engaged in unfair and deceptive practices" to satisfy its pleading burden. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

## ORDER

For the foregoing reasons, TD Bank's motion to dismiss Counts I, III, and IV is <u>ALLOWED</u>. TD Bank's motion to exclude from Count II forged checks drawn on Sullivan's account that appear on a bank statement made available to Sullivan prior to October 22, 2013, is <u>ALLOWED</u>. TD Bank's motion to exclude from Count II forged checks drawn on Sullivan's account

thirty days or more after TD Bank made available the first account statement is <u>DENIED</u>.  Count V is <u>DISMISSED</u> without prejudice.  The court will grant Sullivan the requested twenty-one (21) days to file an amended Count V of its Complaint.

        SO ORDERED.

        <u>/s/ Richard G. Stearns</u>
        UNITED STATES DISTRICT JUDGE